**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SNEHANSH KONDA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH B. EDLOW, *et al.*,<br><br>Defendants. | Civil Action No. 8:26-cv-01516-LKG<br><br>Dated: November 23, 2026 |

# MEMORANDUM OPINION

## Introduction

In this civil action, the Plaintiff, Snehansh Konda, brings claims to set aside the U.S. Citizenship and Immigration Services' ("USCIS") decision denying his immigrant visa petition (Form I-140) for classification as a first preference employment-based immigrant of extraordinary ability, against the Defendants, USCIS Director Joseph B. Edlow and USCIS Deputy Associate Director of Adjudications John M. Allen, pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* (the "APA"). ECF No. 1. On July 17, 2026, the Defendants filed a motion to transfer venue to either the United States District Court for the Northern District of Illinois, or to the United States District Court for the Northern District of Texas, pursuant to 28 U.S.C. § 1404, and for an extension of time to respond to the complaint. ECF No. 12. The motion is fully briefed. ECF Nos. 12, 13 and 15. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** the Defendants' motion to transfer and for an extension of time (ECF No. 12); (2) **DIRECTS** the Clerk to **TRANSFER** this matter to the United States District Court for the Northern District of Texas; and (3) **DIRECTS** the Defendants to **ANSWER**, or otherwise **RESPOND TO**, the complaint **on or before 60 days after** the date that this case is transferred.

## Factual Background

The Plaintiff is a resident of Illinois. ECF No. 1 at ¶ 1.

Defendant Joseph B. Edlow is the Director of USCIS and he maintains an office at the headquarters of USCIS, which is located in Camp Springs, Maryland. *Id.* at ¶ 2.

Defendant John M. Allen is the Deputy Associate Director for Adjudications for Service Center Operations at the USCIS and he maintains an office at the headquarters of USCIS, which is located in Camp Springs, Maryland. *Id.* at ¶ 3.

As background, on May 21, 2025, the Plaintiff filed an I-140 petition application for classification as a foreign national of extraordinary ability with USCIS. *Id.* at ¶ 23. On September 10, 2025, the USCIS's Texas Service Center, which is located in Irving, Texas, issued the denial of the Plaintiff's petition. ECF No. 1-1 (Petition Denial). The USCIS's denial of petition is signed by Defendant John M. Allen, in his capacity as the Deputy Associate Director of Adjudications for the USCIS's Service Center Operations. ECF No. 1-1 at 2; ECF No. 15 at 6.

On April 17, 2026, the Plaintiff filed the complaint in this civil action challenging USCIS's denial of his Form I-140 immigrant visa petition and "final merits determination" policy. *See generally* ECF No. 1. In the complaint, the Plaintiff alleges that venue is proper in the District of Maryland, pursuant to 28 U.S.C. §§ 1391(e)(1)(A) and (e)(1)(B), because: (1) all Defendants and the USCIS's headquarters are located in the District of Maryland and (2) the denial of his petition was issued by Defendant Allen and the USCIS's Service Center Operations. *Id.* at ¶ 11.

**Standards Of Decision**

Pursuant to title 28, United States Code, section 1391(e)(1), a civil action brought against an officer or employee of the United States may "be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred ... or (C) the plaintiff resides if no real property is involved in this action." 28 U.S.C. § 1391(e)(1). Title 28, United States Code, section 1404(a) also provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In this regard, the Court has recognized that Section 1404(a) "was intended to enlarge the common law power of the court under the well-established doctrine of *forum non conveniens* and was enacted to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002) (quoting *Dicken v. United States*, 862 F. Supp. 91, 92 (D. Md. 1994)). And so, the burden is on the moving party to show that transfer is warranted under Section 1404(a). *Kontoulas v. A.H. Robins*

*Co.*, 745 F.2d 312 (4th Cir. 1984); *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002).

In determining whether a transfer of venue is warranted under Section 1404, the Court has great discretion and the decision to transfer venue is made according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). To that end, the Court considers several factors when weighing whether to transfer venue, including: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015); *see also Weathersby-Bell v. Wash. Metro. Area Transit Auth.*, No. 19-3474, 2020 WL 4501485, at *2 (D. Md. Aug. 4, 2020).

**<u>Analysis</u>**

The Defendants have moved to transfer venue in this case to either the Northern District of Illinois, or the Northern District of Texas, pursuant to 28 U.S.C. § 1404(a), because the Plaintiff could have filed this case in those districts and the Plaintiff should have brought this case in either the Northern District of Illinois, or the Northern District of Texas. ECF No. 12-1 at 3-8. And so, the Defendants request that the Court transfer this matter to either of those districts and grant them 60 days from the date that the case is transferred to answer, or otherwise respond to, the complaint in the transferee district. *Id.* at 8-9.

The Plaintiff counters that a transfer of venue is not warranted in this case, because: (1) his choice of forum should be afforded weight; (2) witness convenience and access to proof do not warrant a transfer of venue; (3) party convenience also does not support a transfer of venue; and (4) the interest of justice favors retaining the case in the District of Maryland. ECF No. 13 at 10-19. And so, the Plaintiff requests that the Court deny the Defendants' motion. *Id.* at 20.

For the reasons that follow, a careful reading of the complaint makes clear that a transfer of venue to the Northern District of Texas is appropriate in this case, because the case could have been brought in that district and the factors that the Court considers when weighing a motion to transfer venue, pursuant to 28 U.S.C. § 1404(a), support a transfer of venue to that district. And so, the Court: (1) GRANTS the Defendants' motion to transfer and for an extension of time (ECF No. 12); (2) DIRECTS the Clerk to TRANSFER this matter to the United States District Court for the Northern District of Texas; and (3) DIRECTS the Defendants to ANSWER, or otherwise RESPOND TO, the complaint on or before 60 days after the date that this case is transferred.

### A. This Case Could Have Been Brought In The Northern District Of Texas

As an initial matter, the Defendants have shown that this case could have been brought in the Northern District of Texas. It is well-established that a civil action brought against an officer or employer of the United States may "be brought in any judicial district in which . . . (B) a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(e)(1). It is undisputed that the Plaintiff filed the immigrant visa petition (Form I-140) at issue in this case with USCIS's Texas Service Center, which is located in the Northern District of Texas. ECF No. 1-1 (Petition Denial); ECF No. 12 at 2-4; *see* ECF No. 13 at 9-10. The complaint also makes clear that the Plaintiff is challenging the USCIS's denial of this petition in this case. *See generally* ECF No. 1.

As this Court has previously held, the events or omissions giving rise to claims challenging a USCIS decision occur in the district where the USCIS service center or regional and field office that has issued the decision being challenged is located. *Karaoglu v. United States Dep't of Homeland Sec.*, No. 23-749, 2023 WL 4627277, at *2 (D. Md. July 19, 2023); *Manne v. Jaddou*, No. 21-1092, 2022 WL 102853, at *6 (D. Md. Jan. 11, 2022); *Chakrabarti v. United States Citizenship & Immigr. Servs.*, No. 21-1945, 2021 WL 4458899, at *5-7 (D. Md. Sep. 29, 2021). Given this, the events that give rise to the Plaintiff's claims in this case occurred in the Northern District of Texas. And so, the Plaintiff could have brought his claim in that district. *See* 28 U.S.C. § 1404(a); 28 U.S.C. § 1391(e)(1).

### B. The Section 1404(a) Factors Support Transfer To The Northern District Of Texas

The Court is also satisfied that the factors that the Court considers when resolving a motion to transfer pursuant to Section 1404(a) support the transfer of this case to the Northern District of Texas. In determining whether to transfer venue pursuant to Section 1404(a), the Court considers the following factors: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015); *see also Weathersby-Bell v. Wash. Metro. Area Transit Auth.*, No. 19-3474, 2020 WL 4501485, at *2 (D. Md. Aug. 4, 2020). These factors support transfer of venue to the Northern District of Texas for several reasons.

First, the weight that the Court affords to the Plaintiff's decision to bring this case in the District of Maryland is limited here, because the complaint makes clear that the gravamen of his claims in this matter is a challenge to the decision of the USCIS Texas Service Center

to deny his petition. ECF No. 1; *see also Lebbin v. Transamerica Life Ins. Co.*, No. 17-1870, 2018 WL 2013054, at *2 (D. Md. Apr. 30, 2018) ("The deference accorded to the plaintiff's choice of forum should be proportional to the relationship between the forum and the cause of action."). The Court also observes that the District of Maryland is not the Plaintiff's home forum, because he is a resident of Illinois. ECF No. 1 at ¶ 1; *see also*, *Chenari v. U.S. Citizenship & Immigr. Servs.*, No. 23-1649, 2024 WL 895111, at *2 (D. Md. Mar. 1, 2024) (quoting *U.S. ex rel. Salomon v. Wolff*, 268 F. Supp. 3d 770, 775 (D. Md. 2017)) (holding that "deference to a plaintiff's choice is also lower when a plaintiff chooses to bring suit in a foreign forum as opposed to his or her home jurisdiction").

Second, considerations of witness convenience and access also favor transfer of this case to the Northern District of Texas, because that is where the USCIS Service Center that processed the Plaintiff's petition is located. *Chakrabarti*, 2021 WL 4458899, at *4 (holding that witness convenience and access favor transfer to the judicial district where the relevant USCIS Service Center is located, because the relevant administrative records will be located there). Third, the convenience of the parties factor also weighs in favor of transferring this case to the Northern District of Texas, because the Plaintiff's petition has already been processed at a USCIS Service Center located in Irving, Texas. *Chakrabarti*, 2021 WL 4458899, at *5 (recognizing that the "personalized determination[] required of the applicant[] can more conveniently be made where the application[] [is] already pending and/or being processed") (emphasis omitted).

Lastly, the Court is satisfied that the interest of justice is best served by transferring this case to the Northern District of Texas. In this case, the Plaintiff challenges the USCIS's decision to deny his immigration visa I-140 petition and he seeks judicial review of that decision under the APA. ECF No. 1. As discussed above, having these claims heard in the district where the Plaintiff's petition was being considered by the USCIS will allow these claims to be resolved expeditiously. The Northern District of Texas also has an interest in having this case decided in that district, because the USCIS processed the Plaintiff's petition there. *Chakrabarti*, 2021 WL 4458899, at *5 ("[C]ourts have an interest in having local controversies decided at home.").[1]

[1] The Plaintiff's argument that this matter should not be transferred, because the complaint alleges that the denial of his petition was unlawful and based upon agency policies that originated at the USCIS's headquarters in Maryland, is also unconvincing. ECF No. 13 at 10-12. As discussed above, the complaint makes clear that the Plaintiff's claims arise from the denial of his petition, which occurred in the Northern District of Texas.

For each of these reasons, the Defendants have shown that a transfer of venue to the Northern District of Texas is warranted in this case. *See* 28 U.S.C. § 1404(a).

## Conclusion

In light of the foregoing, the Court:

(1) **GRANTS** the Defendants' motion to transfer and for an extension of time (ECF No. 12);

(2) **DIRECTS** the Clerk to **TRANSFER** this matter to the United States District Court for the Northern District of Texas; and

(3) **DIRECTS** the Defendants to **ANSWER**, or otherwise **RESPOND TO**, the complaint **on or before 60 days after** the date that this case is transferred.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge